United States District Court
Southern District of Texas
**ENTERED**
February 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE LAZARO SANTOS PINEDA, | § § | CIVIL ACTION NUMBER 4:26-cv-00705 |
| Petitioner, | § | |
| | § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| KRISTI NOEM, *et al*, Respondents. | § § § | |

OPINION AND ORDER ON DISMISSAL

Petitioner Jose Lazaro Santos Pineda filed a petition for writ of *habeas corpus* under 28 USC §2241 on January 29, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) is unlawful. He contends that any detention should instead proceed, if at all, under 8 USC §1226(a), which may entitle him to a bond hearing. Id at ¶¶23–24, 47–50. In that regard, Petitioner alleges violations of (i) the Immigration and Nationality Act, (ii) bond regulations, and (iii) the Due Process Clause of the Fifth Amendment. Id at ¶¶47–60.

The Government responded upon order. Dkt 6. It maintains that no bond hearing is required because Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Id at 2–4.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 2026 WL 323330 (5th Cir). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that

all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at *4–10.

The undersigned previously resolved that and an array of closely related issues upon determination that the Government may properly apply 8 USC §1225(b)(2)(A) in circumstances similar to those of Petitioner. For example, see:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Finding that (i) the term "applicant for admission" is determinative, as it is broadly defined to include anyone "present in the United States who has not been admitted," (ii) application of §1225(b)(2)(A) doesn't render superfluous the amendment to §1226 by the Laken Riley Act, and (iii) no due process violation occurs where constitutional argument depends on rejected statutory interpretation of §§1225 and 1226.
- *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex): Rejecting contention that (i) the text of §1225(b)(2)(A) is ambiguous, with resort to other canons of statutory construction thus being unnecessary, (ii) the location of petitioner's arrest may itself violate due process or otherwise make detention unlawful, and (iii) prior work authorizations confer lawful status.
- *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Rejecting arguments based on (i) bond regulations because statutory language prevails over putative conflicting regulations, (ii) due process because the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings, and (iii) eligibility for adjustment of status under the Cuban Adjustment Act because such is outside the scope of *habeas* jurisdiction.

- *Cairo Ceniz v Bondi*, 4:26-cv-00017 (SD Tex, Jan 21, 2026): Finding "applicants for admission" to be a subset of those "seeking admission" under 8 USC §1225(a)(3).
- *Garcia Tabon v Dickey*, 4:25-cv-06145 (SD Tex, Jan 22, 2026): Rejecting argument under Administrative Procedure Act where it depends on rejected statutory interpretation of §§1225 and 1226.
- *Vargas Ordonez v Frink*, 4:25-cv-06386 (SD Tex, Jan 20, 2026): Rejecting argument under Fourth Amendment where it depends on rejected statutory interpretation of §§1225 and 1226.

As noted within the above citations, a claim under the Due Process Clause of the Fifth Amendment necessarily fails to the extent that it proceeds upon reliance of rejected statutory interpretation as to the applicability of §1226. For example, see *Montoya Cabanas*, 2025 WL 3171331 at *6–7; *Herrera Naranjo*, 2025 WL 3771447 at *2. Further, the Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 523 (2003).

As also noted above, a claim under the Administrative Procedure Act likewise fails to the extent that it proceeds upon reliance of the same rejected statutory interpretation. Such claims are also foreclosed by 5 USC §704 given that adequate remedy exists through *habeas* relief. For example, see *Garcia Tabon*, 4:25-cv-06145, Dkt 14 at 3; *Sanchez-Sanchez*, 4:26-cv-00144, Dkt 7 at 2–3.

The undersigned has also determined that the order entered in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal), purporting to certify a nationwide class, far exceeded the jurisdiction of the Central District of California. See *Sanchez-Sanchez*, 4:26-cv-00144, Dkt 7

3

at 2, adopting reasoning of *Calderon Lopez v Lyons*, 2025 WL 3683918 (ND Tex) (Hendrix, J). The *Bautista* order also remains on appeal in the Ninth Circuit and is, at least in that sense, not entitled to preclusive effect here. See *Bautista v Department of Homeland Security*, 25-7958 (9th Cir). In any event, a district court isn't bound by another district court's ruling. *See Camreta v Greene*, 563 US 692, 709 n 7 (2011). This is particularly true in the present circumstances, where the Fifth Circuit has now decided the same issue contrary to the Central District of California. See *Buenrostro-Mendez*, 2026 WL 323330 at *4–10.

The arguments presented by Petitioner in the petition raise only issues resolved in the decisions cited above.

The petition for writ of *habeas corpus* by Petitioner Jose Lazaro Santos Pineda is thus DENIED WITH PREJUDICE. Dkt 1.

SO ORDERED.

Signed on February 26, 2026, at Houston, Texas.

*[signature: CR Eskridge]*
Honorable Charles Eskridge
United States District Judge

4